David C. Kresin (019858)
YEN PILCH ROBAINA & KRESIN PLC
6017 North 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
dck@yprklaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Borgens,<br><br>       Plaintiff,<br><br>vs.<br><br>Hematology Oncology Associates of New Jersey, LLC dba Mohtaseb Cancer Center & Blood Disorders; Hamdy A. Mohtaseb, MD, FACP;<br><br>       Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Amber Borgens, by and through her counsel, alleges as follows:

1. Plaintiff Amber Borgens ("Ms. Borgens") is an adult female residing in Mohave County, Arizona.

2. Defendant Hematology Oncology Associates of New Jersey, LLC dba Mohtaseb Cancer Center & Blood Disorders ("Cancer Center") is an Arizona member-managed limited liability company that conducts business in Mohave County, Arizona with its principal place of business at 1225 Hancock Road, Suite 203, Bullhead City, Arizona 86442. At all material times, Cancer Center was an employer of Ms. Borgens within the meaning of the various causes of action asserted in this case.

3. At the time of Ms. Borgens' employment, Hamdy A. Mohtaseb, MD, FACP ("Dr. Mohtaseb") was the sole member/owner of Cancer Center. Dr. Mohtaseb resides in Mohave County, Arizona. At all relevant times, Dr. Mohtaseb managed Cancer Center, acted as its chief executive officer, exercised significant economic

control over Cancer Center, and participated in the decisions to deny Ms. Borgens' rights to paid leave and to take adverse action against Ms. Borgens for exercising her rights under the applicable leave laws. At all material times, Dr. Mohtaseb was an employer of Ms. Borgens within the meaning of the various causes of action asserted in this case.

4. This action is brought pursuant to the Families First Coronavirus Response Act, Public Law 116-127 ("FFCRA"), as well as the Arizona Fair Wages & Healthy Families Act, A.R.S. § 23-371 *et seq.* ("AFWHFA"), for violations of the respective leave requirements and retaliation under those laws.

5. This Court has jurisdiction over the claims in this case under 28 U.S.C. §§ 1331 & 1367.

6. The events giving rise to these causes of action occurred in Mohave County, Arizona.

7. This Court has personal jurisdiction over the Defendants and venue is proper in this Court.

8. Ms. Borgens began her employment with Cancer Center in the fall of 2018. Ms. Borgens performed her job competently throughout her employment and received a raise in compensation in November 2019.

9. Prior to exercising her rights under the leave laws, Ms. Borgens received no discipline related to her performance or her conduct.

10. The week of April 20, 2020, Ms. Borgens was exposed to COVID-19 through a neighbor who tested positive. Ms. Borgens consulted with her medical provider, who directed Ms. Borgens to self-quarantine for one week due to the exposure.

11. On April 23, 2020, at approximately 11:00 a.m., Ms. Borgens phoned office manager Cheyanne Segura and notified her that Ms. Borgens' health care provider advised her to self-quarantine and therefore she would not be able to come into the office.

12. Later that day, at 4:55 p.m., Ms. Segura emailed Ms. Borgens a letter in

Microsoft Word format from Dr. Mohtaseb dated April 20, 2020, terminating Ms. Borgens' employment effective April 23, 2020.

13. An examination of the electronic document revealed that the termination letter was created on April 23 at 11:26 a.m.—after Ms. Borgens told Ms. Segura of her need to self-quarantine due to COVID-19 exposure.

14. The termination letter was last modified at 4:52 p.m., just minutes before it was sent to Ms. Borgens.

15. Defendants' conduct in creating the termination letter after Ms. Borgens' protected activity and falsifying the date of the termination letter evidences knowledge of wrongdoing and an intent to cover up the retaliatory motive and therefore supports exemplary or punitive damages in this case.

16. As a result of Defendants' conduct, Ms. Borgens has suffered and continues to suffer lost income, lost fringe benefits, medical expenses, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

## COUNT ONE

### (Denial of Paid Leave under the FFCRA)

17. Ms. Borgens incorporates by reference all previous allegations as though set forth fully herein.

18. At all relevant times, each defendant was an employer under the FFCRA.

19. At all relevant times, Ms. Borgens was an employee under the FFCRA.

20. The FFCRA signed into law on March 18, 2020 required employers such as Cancer Center to provide additional paid sick leave related to COVID-19. *See* Pub. L. No. 116-127, 134 Stat. 178 (March 18, 2020).

21. Among other requirements, the FFCRA required employers to provide up to 80 hours of paid sick leave in 2020 whenever an employee is subject to a quarantine order, has been advised by a medical provider to self-quarantine, or is experiencing symptoms and seeking medical treatment related to COVID-19. *Id.* at § 5102(a).

22. Ms. Borgens sought leave provided by the FFCRA.

23. Cancer Center denied Ms. Borgens the paid leave to which she was entitled under the FFCRA.

24. As a result, Ms. Borgens is entitled to recover her unpaid wages, an equal amount as liquidated damages, and her attorneys' fees and costs in enforcing her rights under the law. *See id.* at § 5105(a).

## COUNT TWO

### (Paid Leave Denial in violation of the AFWHFA)

25. Ms. Borgens incorporates by reference all previous allegations as though set forth fully herein.

26. At all relevant times, each defendant was an employer under the AFWHFA.

27. At all relevant times, Ms. Borgens was an employee under the AFWHFA.

28. The AFWHFA requires employers to provide employees with paid sick leave and protects an employee's right to utilize paid sick leave. *See* A.R.S. § 23-371 *et seq*.

29. "Employees of an employer with 15 or more employees shall accrue a minimum of one hour of earned paid sick time for every 30 hours worked" up to 40 hours per year unless the employer selects a higher limit. "Employees of an employer with fewer than 15 employees shall accrue a minimum of one hour of earned paid sick time for every 30 hours worked" up to 24 hours per year unless the employer selects a higher limit. *See* § 23-372(A), (B).

30. The AFWHFA requires the employer to provide employees with written notice of their rights under the Act at the outset of employment and accurately report on the employee's paystub the following information: "the amount of earned paid sick time available to the employee, the amount of earned paid sick time taken by the employee to date in the year and the amount of pay the employee has received as earned paid sick time." § 23-375(A), (C).

31. Although an employer may restrict the employee's right to *use* paid sick time until the ninetieth day of employment, the AFWHFA provides that the employee begins accruing paid sick time at the commencement of employment. *See* § 23-372(D).

32. Under the AFWHFA, "[unused] earned paid sick time shall be carried over to the following year [unless] in lieu of carryover of unused earned paid sick time from one year to the next, an employer [pays] an employee for unused earned paid sick time at the end of a year and provide[s] the employee with an amount of earned paid sick time that meets or exceeds the requirements of this article that is available for the employee's immediate use at the beginning of the subsequent year." § 23-372(D)(4).

33. Ms. Borgens' paystubs evidence that Cancer Center failed to accrue one hour of earned paid sick time for each 30 hours worked, in violation of the AFWHFA.

34. That failure resulted in Ms. Borgens' not having earned paid sick time available to use as quickly as the law required.

35. Based on Ms. Borgens' hours worked, the failure to correctly accrue her earned paid sick time in 2020 resulted in her having less hours available in April 2020 than she would have if the Company had complied with the law.

36. Based on her hours worked in 2020 as reflected on her paystubs, Ms. Borgens should have accrued at least 20 hours of earned paid sick time by April 23, 2020, when Ms. Borgens called to report her need to self-quarantine.

37. Combined with the 14.08 hours carried forward from 2019, Ms. Borgens' total leave hours entitlement by April 23, 2020, was 34.08 hours.

38. Each pay period when the Company incorrectly accrued hours and reported an inaccurate accrual on the paystub, the Company violated the AFWHFA. The failure to accurately report Ms. Borgens' earned paid sick time amounted to at least 36 independent violations of the AFWHFA.

39. Pursuant to the enforcement provisions applicable to the AFWHFA, Cancer Center is subject to civil penalties for each of those violations. *See* § 23-364(F).

///

40. Cancer Center's failure to apprise Ms. Borgens of her correct available paid sick time denied Ms. Borgens from being able to fully utilize that benefit.

41. The AFWHFA permits an employee to use earned paid sick time for, among other reasons, the employee's "illness, injury or health condition", "need for medical diagnosis, care, or treatment", or "when it has been determined by the health authorities having jurisdiction or by a health care provider that the employee's or family member's presence in the community may jeopardize the health of others because of his or her exposure to a communicable disease, whether or not the employee or family member has actually contracted the communicable disease." § 23-373(A).

42. Ms. Borgens met all requirements for using her paid sick leave but was denied some or all of her paid leave entitlement.

43. Under the enforcement provisions applicable to the AFWHFA, Ms. Borgens is entitled to recover three times the value of the earned paid sick time the employer failed to provide to the employee, at least $150 per day until the violation is corrected (to deter future violations), and the employee's attorneys' fees and costs incurred in pursuing the claim. *See* § 23-364(G).

## COUNT THREE

### (Illegal Retaliation in violation of the AFWHFA)

44. Ms. Borgens incorporates by reference all previous allegations as though set forth fully herein.

45. A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights. Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

///

///

46. Cancer Center's termination of Ms. Borgens violated the AFWHFA. Cancer Center and Dr. Mohtaseb terminated Ms. Borgens' employment because she requested paid sick leave to which she was entitled.

47. Ms. Borgens requested leave for her time off related to her exposure to COVID-19 and her medical provider's directive to self-quarantine related to her COVID-19 exposure.

48. After completely denying Ms. Borgens' right to paid sick leave under the FFCRA, Cancer Center acknowledged that the time off was covered by the AFWHFA and paid out some hours of paid sick leave, albeit less than required by the law.

49. Section 23-374 of the AFWHFA prohibits an employer from retaliating against an employee because the person has exercised the right to use earned paid sick time.

50. Under the AFWHFA, retaliation means "denial of any right guaranteed under [the AFWHFA] and any threat, discharge . . . or any adverse action against an employee for the exercise of any right guaranteed [by the AFWHFA.]"  A.R.S. § 23-371(I) (incorporating definition of retaliation from A.R.S. § 23-364(A)).

51. Defendants retaliated against Ms. Borgens by denying her full rights to paid sick leave and by discharging her from employment for exercising her rights.

52. Defendants' retaliation is without justification or excuse.

53. An employer who retaliates against an employee for taking earned paid sick leave must pay the employee her lost wages and benefits, compensatory damages, plus at least $150 per day until the violation stops or entry of final legal judgment and the employee's reasonable attorney's fees and costs of suit.  *See* A.R.S. § 23-364(B).

### COUNT FOUR

### (Illegal Retaliation in violation of the FFCRA)

54. Ms. Borgens incorporates by reference all previous allegations as though set forth fully herein.

///

55. The FFCRA prohibits retaliation for an employee exercising her rights under the law. *See id.* at § 5104. Employers may not discharge, discipline, or otherwise discriminate against an employee who takes leave under the FFCRA. *Id.*

56. As described above, Ms. Borgens exercised her right under the FFCRA.

57. Cancer Center and Dr. Mohtaseb terminated Ms. Borgens' employment in retaliation for Ms. Borgens attempting to take leave under the FFCRA.

58. As a result, Ms. Borgens is entitled to recover lost wages, liquidated damages in an amount equal to her lost wages, additional damages for emotional distress resulting from the retaliation, and attorneys' fees and costs incurred. *See id.* at § 5105(b).

59. Ms. Borgens demands a jury trial on all claims and issues set forth herein.

60. Ms. Borgens is entitled to recover her reasonable attorneys' fees, expenses and costs under the above claims.

WHEREFORE, Plaintiff Amber Borgens prays for judgment against Defendants Hematology Oncology Associates of New Jersey, LLC dba Mohtaseb Cancer Center & Blood Disorders, and Hamdy A. Mohtaseb, MD, FACP, as follows:

A. For an award of economic damages in an amount sufficient to make Ms. Borgens whole for past and future lost income and benefits and other economic losses suffered by Ms. Borgens resulting from Defendants' conduct;

B. For an award of liquidated damages under the FFCRA;

C. For an award of treble damages under the AFWHFA;

D. For an award of civil penalties under the AFWHFA;

E. For an award of statutory damages under the AFWHFA;

F. For an award of compensatory damages for mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation, loss of enjoyment of life and other losses incurred by Ms. Borgens as a result of Defendants' conduct;

G. For an award of attorneys' fees and related expenses;

H.   For an award of prejudgment and post-judgment interest;

I.   For an award of costs of suit incurred herein; and,

J.   For an award of such other relief as the Court may deem just and proper.

DATED this 13th day of July, 2021.

                                              YEN PILCH ROBAINA & KRESIN PLC


By /s/David C. Kresin
    David C. Kresin
    Attorneys for Plaintiff Amber Borgens