WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Borgens, | No. CV-21-08153-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Hematology Oncology Associates of New Jersey LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' stipulation for a protective order. (Doc. 30). In this stipulation, the parties seek to mark as confidential, "Ms. Borgens' relevant tax, medical, and other employment records, that contain sensitive, private information." (Doc. 30 at 1). The stipulation implies that other information will be marked confidential, but does not specify what that information would include.

Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v.*

1 *U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

2 Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

In this case, in short summary, Plaintiff claims that she experienced a COVID-19 exposure while working for Defendants and that Defendants' response to Plaintiff advising Defendants of that exposure violated the Families First Coronavirus Response Act, Public Law 116-127, as well as the Arizona Fair Wages & Healthy Families Act, A.R.S. § 23-371 et seq., both of which, Plaintiff alleges, required paid leave.  (Doc. 1).  Against this complaint, it is not immediately clear to the Court why all of Plaintiff's employment records, medical records and tax returns are relevant to this case.  Nonetheless, to the extent these documents contain information subject to Federal Rule of Civil Procedure 5.2, Plaintiff may redact these records to remove this information prior to disclosure.  In other words, while the Court acknowledges that during discovery this information will not automatically be filed in the record as Federal Rule of Civil Procedure 5.2 requires for redaction (*see* Federal Rule of Civil Procedure 5(d)(1)(A) and Local Rule Civil 5.2), by this Order the Court is expanding when the redactions under Federal Rule of Civil Procedure 5.2 can be made by the disclosing party.

To the extent these records are relevant to Plaintiff's claims in this case, the parties have not shown a specific prejudice or harm will occur if these documents (once redacted) are not subject to a protective order.  For example, to the extent the medical records sought relate to Plaintiff's claimed exposure detailed in the complaint, that information is already in the public record via the complaint.  Further, that information is central to the issues in this case and, thus, will be part of the public record.  *See e.g.*, *Krieger v. Nationwide Mut. Ins. Co.,* 2012 WL 1623158, *1 (D. Ariz. 2012) ("Plaintiff put his medical condition at issue when he filed for benefits. The mere assertion that Plaintiff considers medical and

1  personal information sensitive does not amount to a compelling reason to seal."); *Young v.*
2  *Liberty Mut. Group, Inc.*, 2014 WL 6886018, *2 (D. Ariz. 2014) ("[G]iven the centrality
3  of Plaintiff's medical condition to the case, Plaintiff's privacy interests are not a compelling
4  reason to seal the records from public access. Accordingly, the Court will not seal materials
5  containing Plaintiff's medical information.").

6        As stated above, it is not immediately clear to the Court why Plaintiff's employment
7  records are relevant to this case.  Further, the parties have not alleged that Plaintiff has kept
8  her employment history confidential such that it is not already "public" in some forum.

9        Based on the foregoing, the parties have failed to justify the issuance of a protective
10  order in this case.  *See Foltz,* 331 F.3d at 1131.  Accordingly,

11        **IT IS ORDERED** that the stipulation for a protective order (Doc. 30) is denied
12  without prejudice.

13        Dated this 25th day of January, 2022.

_____
James A. Teilborg
Senior United States District Judge